# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:12CR00022 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| WILLIAM DAVID BRIDGES, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The government has moved to supplement the record on appeal of this criminal case. For the reasons that follow, the motion will be denied.

The defendant William David Bridges was charged in an Indictment in this court with violating 18 U.S.C.A. § 2250 (West 2007) by failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C.A. §§ 16901-16962 (West Supp. 2012). SORNA requires all "sex offenders," defined as "individual[s] who [have been] convicted of a sex offense," to register in each jurisdiction where they are a resident, employee, or student. 42 U.S.C.A. §§ 16911, 16913.

The defendant moved to dismiss the Indictment. He argued that his plea of nolo contendere to a state charge of attempted sexual battery on a child under the

age of 16, which led to a withheld adjudication of guilt, did not constitute a "conviction" such that he would be subject to the requirements of SORNA. The defendant advanced no other arguments in favor of dismissing the Indictment. I held a hearing on this motion, at which the parties stipulated to the introduction into evidence of the state court judgment indicating the nolo contendere plea and the withheld adjudication. No other evidence relevant to this prior charge was introduced.[1] After considering the arguments and evidence, I denied the defendant's motion. *United States v. Bridges*, 901 F. Supp. 2d 677 (W.D. Va. 2012).

Pursuant to an agreement with the government, the defendant then entered a conditional plea of guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2), reserving his ability to appeal the denial of his Motion to Dismiss. On January 24, 2013, the defendant was sentenced to 18 months of imprisonment

The defendant has now appealed the denial of his motion. It is apparent, however, that the defendant is advancing on appeal not only the argument rejected by this court, but also a new second argument — that the government is unable to prove that the conduct underlying his prior conviction satisfied the definition of "sex offense" outlined in SORNA. Specifically, the defendant is arguing that the

---

[1] The government did introduce documents showing that the defendant was subsequently convicted of failure to register as a sex offender in Florida, but those documents are not relevant to the limited question before me now.

government cannot establish both his and his victim's ages, and thereby cannot show that his behavior was not consensual contact with a person not more than four years younger than the defendant. *See* 42 U.S.C.A. § 16911(5)(c) (excluding from the definition of "sex offense" consensual conduct involving a victim of at least 13 years of age and an offender not more than four years older than the victim).

In response to the defendant's new argument before the court of appeals, the government has now filed in this court a Motion to Supplement the Record pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B).[2] The government is seeking to add to the record a copy of the charging information from the defendant's predicate state conviction, which document establishes the relative ages of both the defendant and the victim in that case and thus, it appears, conclusively resolves the new argument against the defendant. The government contends that it would be appropriate to supplement the record in this case because it had no notice that the defendant would advance this argument in the court of appeals. This lack of notice, it alleges, denied it of any opportunity to effectively respond. The government further contends that supplementing the record at this

---

[2] "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: . . . by the district court before or after the record has been forwarded. . . ." Fed. R. App. P. 10(e)(2)(B).

stage will conserve judicial resources, allowing the court of appeals to make a decision on the new issue.

The defendant objects to the supplementation of the appellate record, contending that the government's effort to supplement the record is "belated" and "improper" (Def.'s Resp.1) because the government had an "obligation at the earlier hearing [in this court] to present whatever evidence and argument it had as to the supposed conviction" (*id.*).

Although I sympathize with the government's position, and reject the notion that it had any obligation to anticipate arguments not made by the defendant,[3] I must note that "the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *Thomas v. Lodge No. 2461 Int'l Ass'n of Machinists & Aerospace Workers,* 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) (internal quotation marks and citation omitted); *accord Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) ("[A]s

---

[3] The defendant is of course wrong that the government should have presented all of its evidence at the pretrial hearing on the Motion to Dismiss the Indictment. It is settled that the sufficiency of the government's evidence in support of an indictment is not generally reviewable by the court prior to trial. *United States v. Bridges*, 901 F. Supp. 2d at 678 n.1. In the present case, however, the government agreed to stipulate to the state court judgment in connection with the defendant's Motion to Dismiss, in order to facilitate an early determination of the issue raised and thus save time and effort. Because the defendant's new argument had not been raised, the government was not requested (or required) to stipulate the introduction of the document now in question.

is clear from the rule's wording, the purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.") (internal quotation marks and citation omitted).

In this case, the government can make no argument that the document it seeks to add to the record was omitted or misstated by error or accident; it was not included because the government had no notice of the need for any such document. The rules therefore do not provide a means for its addition to the record by this court. I should note, however, that the government may wish to renew its request to supplement the record before the court of appeals. *See* Fourth Circuit Local Rule 10(d) ("Disputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented.").

For the foregoing reasons, it is **ORDERED** that the government's Motion to Supplement the Record (ECF No. 73) is DENIED.

ENTER: August 2, 2013

/s/ James P. Jones
United States District Judge